```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                     IN CHARLESTON


JAMES COPLEY,

        Plaintiff,

v.                                  Case No. 2:11-cv-00416

UNITED STATES DEPARTMENT OF ENERGY and
NATIONAL ENERGY TECHNOLOGY LABORATORY,

        Defendants.
```

### PROPOSED FINDINGS AND RECOMMENDATION

In this action, the *pro se* plaintiff alleges that he is the victim of age discrimination because the National Energy Technology Laboratory ("NETL") failed to rehire him in 2009 (the plaintiff resigned from that entity in 1990).  For the reasons set forth below, the undersigned proposes that the presiding District Judge dismiss this action with prejudice.

### BACKGROUND AND PROCEDURAL POSTURE

The plaintiff is a serial and abusive pro se litigator in this Court.  See Copley v. Hall, 2:03-cv-311 (dismissed on grounds of Eleventh Amendment immunity and lack of subject matter jurisdiction; see ECF Nos. 7, 8) (Haden, J., presiding); Copley v. Wilson, 2:07-cv-451 (dismissed for lack of subject matter jurisdiction and remanded to the Magistrate Court of Putnam County; see ECF Nos. 15-17) (Copenhaver, J., presiding); Copley v. Hall, 2:07-cv-949 (dismissed on grounds of lack of subject matter

jurisdiction, and that the plaintiff's claims were barred by the Rooker-Feldman doctrine and were legally frivolous and malicious; Chief Judge Goodwin ordered that if the plaintiff filed any future claims concerning that matter in any federal court within one year, "substantial" sanctions would be imposed on him; see ECF Nos. 18, 21, 27) (Goodwin, C.J., presiding); Copley v. Merrick Bank Corp., 2:08-cv-120 (dismissed with prejudice following settlement; see ECF No. 32) (Copenhaver, J., presiding); Copley v. Fairbanks, 2:10-cv-1371 (dismissed for failure to state a claim upon which relief can be granted; see ECF Nos. 18, 23, 24) (Goodwin, C.J., presiding).

 Plaintiff James Copley filed the instant civil action against the "United States Department of Energy, NETL" on April 26, 2011, in the Circuit Court of Kanawha County, West Virginia (No. 11-C-669).  It appears that he intended to sue only NETL and not the Department of Energy, but it is not clear; he referred to "the defendant," and he may consider them to be one entity.  His Complaint alleged unlawful age discrimination, in violation of West Virginia and federal law.  ECF No. 1, Ex. 1.

 The plaintiff attempted service of process on NETL via certified mail with restricted delivery, which was apparently acknowledged by return mail receipt on April 29, 2011.  See ECF No. 9.  On May 31, 2011, in the absence of an answer, the plaintiff moved the Circuit Court of Kanawha County to enter judgment against the defendants.  Id.

2

The United States removed the action to this Court on June 14, 2011, pursuant to 28 U.S.C. § 1442(a)(1), which permits removal of an action commenced in a state court against an agency of the United States. ECF No. 1, at 1. The United States also filed a motion to dismiss on the grounds of insufficient service of process and lack of subject matter jurisdiction. ECF No. 3. The motion is supported by a memorandum. ECF No. 4.

On June 20, 2011, the plaintiff filed an amended complaint (ECF No. 6), which appears to name both the Department of Energy and NETL as defendants. His amended complaint includes a "motion to enter judgment," based on his allegations that the action was not removed in a timely manner, and the defendants did not answer his original complaint promptly. ECF No. 6, at 2. The amended complaint asserts that NETL "is not a United States government agency or corporation." Id. at 1. The plaintiff requests this Court to remand the action to the Circuit Court of Kanawha County because he now alleges violations of only the West Virginia Human Rights Act, W. Va. Code § 5-11-1 et seq. Id. at 5.

On July 25, 2011, the plaintiff filed a response to the government's motion to dismiss (ECF No. 7), requested remand, and filed a memorandum (ECF No. 8). The memorandum makes clear that he is suing both the Department of Energy and NETL, that he "asserts no claim arising out of the laws of the United States," and that he relies on West Virginia law. ECF No. 8.

**ANALYSIS**

**Lack of Subject Matter Jurisdiction**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the United States asserts that the Court lacks subject matter jurisdiction inasmuch as the plaintiff did not exhaust his administrative remedies because he failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 4, at 2-3. This contention is supported by the Declaration of Frank Vaccarella, Attorney Advisor for the Department of Energy, who consulted with Nancy Vargas at NETL; both confirm that the plaintiff did not file a discrimination complaint with either agency. ECF No. 3-1, at 1-2. The plaintiff does not dispute this contention that he did not pursue his administrative remedies.

Before a plaintiff can file suit under Title VII or the Age Discrimination in Employment Act ("ADEA"), he must first file a charge of discrimination with the EEOC. 42 U.S.C.A. § 2000e-5(f)(1). "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim. The same is true of claims made under the ADEA. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300-01 (4th Cir. 2009).

The plaintiff attempts to avoid the consequences of his failure to exhaust his administrative remedies by arguing that NETL

is not a federal agency and that he is pursuing state, not federal, remedies. ECF No. 6, at 1-2; ECF No. 8, at 1-3.

Notwithstanding the plaintiff's convoluted argument concerning the Department of Energy's system of facilities and laboratories, it is indisputable that NETL is a federal agency. Its website states that NETL "is owned and operated by the U.S. Department of Energy." www.netl.doe.gov. A federal job applicant's exclusive remedy for alleged discrimination is pursuant to the federal statutes. See Brown v. General Services Admin., 425 U.S. 820 (1976).

The undersigned proposes that the presiding District Judge **FIND** that NETL and the U.S. Department of Energy are federal agencies, that claims of discrimination must first be administratively exhausted through the EEOC, that the plaintiff failed to exhaust his administrative remedies, and that this Court lacks subject matter jurisdiction over his claim.

**Insufficient Service of Process**

The United States additionally argues that, pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff's case should be dismissed for insufficient service of process, as neither the United States Attorney for the Southern District of West Virginia nor the Attorney General of the United States were served with his Complaint.

The plaintiff asserts in his response that the case should be

5

remanded to state court, as he alleges that the United States failed to remove this case within thirty days of receipt of service, as required by 28 U.S.C. § 1446(b). The plaintiff also attached a copy of his motion for default judgment that had been filed in state court on May 31, 2011, which is based on the alleged failure of the United States to timely answer or acknowledge his complaint.

Rule 4(i), Federal Rules of Civil Procedure, sets forth a multi-step procedure for service of process on a federal entity.

> **(1) United States.** To serve the United States, a party must:
>> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>>
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> **(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.** To serve a United States agency or corporation, . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i) [emphasis added].

6

The plaintiff does not dispute that he failed to comply with the explicit requirements of Rule 4(i).

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff filed to serve the defendants in the manner set forth in Rule 4(i).

**The Plaintiff's Other Arguments**

The plaintiff argues that the defendants failed to meet the 30-day deadline set forth in 28 U.S.C. § 1446(b) for removal of an action. As noted above, the plaintiff failed to serve the defendants properly. Section 1442(a)(1) of Title 28 clearly allows the United States, or one of its agencies, to remove a case filed against it in state court no matter what claim is made; removal was accordingly proper.

The plaintiff urges the Court to remand this action to the Circuit Court of Kanawha County so that default judgment may be entered. This argument ignores the fact that the United States and its agencies have sixty days after service on the United States attorney in which to serve a responsive pleading. Rule 12(a)(2), Fed. R. Civ. P. The plaintiff never served the United States Attorney for this District.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the defendants' motion to dismiss (ECF No. 3) be granted, the plaintiff's motion to remand filed June 20, 2011 (ECF No. 6) be **DENIED,** and that this civil

action be **DISMISSED** with **PREJUDICE.**

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED,** and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to mail a copy of this Order to the plaintiff and to transmit it to counsel of record.

September 12, 2011

Mary E. Stanley
United States Magistrate Judge